UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | |
| CAMILLE VITIELLO AND ) | Case No. 09-19213(JNF) |
| FRANCO VITIELLO, DBA ) | |
| BEACON CUTTER TRUST ) | |
| Debtors, ) | |
| ) | |

## MOTION TO DISMISS DEBTORS' CHAPTER 13 CASE OR CONVERT DEBTORS' CHAPTER 13 CASE TO CHAPTER 7

BMR Funding, LLC ("BMR"), a secured creditor of the Debtors Camille Vitiello and Franco Vitiello (the "Debtors") hereby moves for the dismissal or conversion of the Debtors' Chapter 13 case on the grounds that the Debtors are not eligible for relief under Chapter 13 of the Bankruptcy Code because they fail to meet the debt limitations under 11 U.S.C. §109(e), specifically, the Debtors' noncontingent, liquidated, unsecured debts exceed $336,900.00 and/or the Debtors' noncontingent, liquidated, secured debts exceed $1,010,650.00 and thus, the Debtors fail to qualify for Chapter 13 relief. In further support of this Motion, BMR states as follows:

### Background

1. The Debtors are individuals who, according to their Chapter 13 petition, reside at 1676 Beacon Street Brookline, Suffolk County, Massachusetts 02445 (the "Brookline Property"). Title to the Brookline Property is held in the name of Camille Vitiello, trustee of Beacon Cutters Trust, which trust, upon information and belief, is a Massachusetts nominee trust. Upon information and belief, the Brookline Property has a market value of approximately $1,200,000.00. The Debtors filed their Chapter 13 Petition

1

the day before a scheduled foreclosure sale of the Brookline Property by Citizens Bank, the holder of a first mortgage on the Brookline Property.

2.   Upon information and belief, Citizens Bank's first mortgage on the Brookline Property secures approximately $800,000.00 in debt. BMR holds a second mortgage on the Brookline Property securing, as of October 6, 2009, $19,424,845.04 in debt. Although BMR's second mortgage is a matter of record in the registry of deeds, the Debtors conveniently omit any reference to it or their debt to BMR in their Chapter 13 filings as of this date.

3.   Upon information and belief, one or both of the Debtors also hold ownership interests in Acorn Real Estate, LLC and/or Acorn at Willoughby, LLC, both of which are Florida limited liability companies (the "Florida Borrowers"). On or about June 23, 2008, the Florida Borrowers executed a certain Consolidated Amended Promissory Note in favor of Seacoast National Bank in the stated amount of $15,500,000.00 (the "Note"). The Note was secured by mortgage liens on ten undeveloped oceanfront and six undeveloped riverfront lots of land owned by the Florida Borrowers and located on Hutchinson Island in Saint Lucia County, Florida (the "Florida Property"). The Note matured at the latest on December 23, 2008.

4.   Also on June 23, 2008, the Debtors each executed Amended and Restated Continuing Guaranties in favor of Seacoast National Bank pursuant to which they guaranteed payment of the Note and Camille Vitiello, in her capacity as trustee of Beacon Cutters Trust, also executed in favor of Seacoast National Bank a Continuing Guaranty of payment of the Note. Also on June 23, 2008, Camille Vitiello, as trustee of Beacon Cutters Trust, granted Seacoast National Bank a Second Mortgage, Assignment of Rents,

Security Agreement and Fixture Filing (the "Second Mortgage") on the Brookline Property to secure her obligations under said Continuing Guaranty. The Second Mortgage was recorded with the Norfolk County Registry of Deeds on July 25, 2008 in Book 25933, Page 231. Seacoast National Bank also recorded a UCC-1 financing statement to further perfect its liens with the Norfolk County Registry of Deeds on July 25, 2008 in Book 25933, Page 251.

5.  The Note matured, at the latest, on December 23, 2008, was not timely paid and is in default and, as of October 6, 2009, the unpaid balance of all sums owed under the Note with the exception of legal fees and expenses was $19,424,845.04. Franco Vitiello and Camille Vitiello individually, and Camille Vitiello, as trustee of Beacon Cutters Trust, are liable for said amount under their Continuing Guaranties.

6.  BMR currently holds the above-described Note and Continuing Guaranties and Second Mortgage pursuant to a certain Loan Sale Agreement dated September 23, 2008. The Second Mortgage was assigned to BMR pursuant to an Assignment of Mortgage dated October 20, 2008 recorded with the Norfolk County Registry of Deeds on October 24, 2008 in Book 26114, Page 365. The UCC-1 financing statement was assigned to BMR by an Amendment recorded with the Norfolk County Registry of Deeds on October 24, 2008 in Book 26090, Page 556. True copies of the Note, Amended and Restated Continuing Guaranties of each Debtor, Continuing Guaranty of Camille Vitiello, as trustee of Beacon Cutters Trust, Second Mortgage, UCC-1 financing statement, Assignment of Mortgage, and assignment of UCC-1 financing statement are annexed hereto, respectively, as Exhibits "A" through "H."

7. As the Florida Borrowers are in default under the Note, BMR is proceeding to foreclose its mortgage liens on the Florida Property. The Florida Property is completely undeveloped and Seacoast National Bank received an "as is" valuation of $9,000,000.00 for the Florida Property as of February 4, 2008. BMR expects to realize a substantial deficiency in any foreclosure of the Florida Property. In litigation commenced by BMR in Florida state court to enforce its rights to foreclose its mortgage liens on the Florida Property, the Florida Borrowers have asserted various counterclaims and defenses against BMR which counterclaims and defenses BMR vigorously disputes. A trial of BMR's claims under the Note and other related loan agreements and of the Florida Borrowers' counterclaims and defenses is scheduled for December 2009 in the Florida state court.

## Argument

8 Regardless of the amount of BMR's deficiency in any subsequent forclosure of the Florida Property, the Debtors are currently liable for either secured or unsecured debt or both, which exceeds the limits allowed under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 109(e) states as follows:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650 may be a debtor under chapter 13 of this title.

9. The Debtors owe Citizens Bank approximately $800,000.00 secured by a first mortgage on the Brookline Property and BMR approximately $19,420,000.00 secured by a second mortgage on the Brookline Property for a total of

approximately $20,200,000.00 secured by the Brookline Property. Assuming, *arguendo*, that the Brookline Property has a fair market value of $1,200,000.00 so that the secured claim of BMR in that property under 11 U.S.C. §506(a) is approximately $400,000.00 and that the Florida Property owned by non-debtors has a value of $9,000,000.00, and that the value of BMR's secured interest in said properties could be deducted in determining the likely amount of an unsecured deficiency claim against the Debtors, that unsecured claim would be approximately $10,020,000.00, far in excess of the section 109(e) limitations for unsecured claims. Under any scenario of calculating secured and unsecured debts of the Debtors, those debts exceed the Chapter 13 debt limitations.

10. Whether a claim is liquidated or unliquidated refers "to a claim's value (and the size of the corresponding debt) and the ease with which that value can be ascertained." *In re Mazzeo*, 131 F.3d 295, 304 (2d Cir.1997) (contract debts, even if disputed, are considered liquidated). Generally, a claim is considered liquidated where it is calculable by reference to an agreement or by simple computation. *Id., In re Smith*, 325 B.R. 498, 505 (Bankr. D.N.H. 2005) ("the obligation will, of necessity, be a liquidated claim because it can be readily determined with precision through simple arithmetic computation."). If a claim is subject to dispute, defenses or counterclaims, it is not rendered unliquidated. *See, In re Marrama*, 345 B.R. 458, 472 (Bankr. D. Mass. 2006) (claims subject to dispute not unliquidated); *In re Vaughn*, 276 B.R. 323, 326 (Bankr. D.N.H. 2002) (disputed debt included in analysis as to eligibility under section 109(e)); *In re Mitchell*, 255 B.R. 345, 360 (Bankr. D.Mass. 2000) (adopting majority case law which holds that claim may be liquidated although subject to dispute); *Matter of*

*Redburn*, 193 B.R. 249 (Bankr.W.D. Mich. 1996) (defenses and counterclaims irrelevant to whether claim is liquidated).

11. The Debtors' liability under their guaranties of payment of the Note are exactly the types of obligations that can be readily determined with precision through simple arithmetic computation. Accordingly, the Debtors exceed the debt limitations allowed by Chapter 13 and this case must be dismissed or converted to a case under Chapter 7 of the Bankruptcy Code. BMR requests that the case be converted to Chapter 7 as BMR and other creditors may benefit from an orderly sale of the Brookline Property by a Chapter 7 Trustee.

WHEREFORE, BMR respectfully requests that this Court enter an Order dismissing this case or, alternatively, converting this case to a case under Chapter 7 of the Bankruptcy Code.

Respectfully submitted,
BMR Funding, LLC
By its attorneys,

Dated: October 21, 2009

/s/ James M. Liston
James M. Liston, Esq
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, Massachusetts 02110
Tel: (617) 422-0200
Fax: (617) 896-6273